DISTRICT COURT OF MARYLAND FOR MONTGOMERY COUNTY
191 EAST JEFFERSON STREET
ROCKVILLE, MARYLAND 20850

CIVIL CASE NO. _____

----------------------------------------------------------------- X

**EVAN HAMMERMAN**
13723 Lambertina Place
Rockville, MD 20850

                Plaintiff(s),

      - against -

1.   **GB COLLECTS, L.L.C.,**
     145 Bradford Drive
     W. Berlin, NJ 08091

                Defendant(s).

----------------------------------------------------------------- X

**COMPLAINT**

     Plaintiff, **EVAN HAMMERMAN** (hereinafter "HAMMERMAN") as and for his Complaint against Defendant(s) **GB COLLECTS, L.L.C.** (hereinafter "GB"), respectfully sets forth, complains and alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action seeking damages and declaratory relief arising from the Defendant's violation of 15 U.S.C. Sec. § 1692, *et seq*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as, **"FDCPA"**).

2. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of each violation. The Circuit Courts have held, and the Supreme Court has upheld, that whether a debtor collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer".

3. Further, the Circuits have held that "Under the FDCPA, the debt collector has the obligation not just to convey the validation notice information, but to convey it clearly". Further, they have gone on to hold that "A notice of debt collection overshadows or contradicts the validation notice, required under the FDCPA, if it would make the least sophisticated consumer uncertain as to their rights".

## PARTIES

4. Plaintiff is a natural person and is a resident of the State of Maryland, County of Montgomery.

5. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. § 1692a (3) of the FDCPA.

6. Upon information and belief, Defendant is a foreign corporation and is NOT authorized to conduct business in the State of Maryland. Upon further information and belief, Defendant is actively and regularly engaged in the business of collecting incurred and allegedly incurred debts, and is a collection firm with its principal place of business located at 145 Bradford Drive, W. Berlin, NJ 08091.

7. Upon information and belief and at all relevant times, Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a (6) of the FDCPA. Indeed, upon information and belief, on a website maintained by the Defendant, Defendant informs visitors to the site that "GB Collects has succeeded in third party collections for over ten years". Thus, Defendant holds itself out as an entity engaged in the business of being a "debt collector" and is subject to the FDCPA.

8. Upon information and belief, Defendant was attempting to collect and alleged debt (hereinafter "Alleged Debt") from Plaintiff that arose out of a transaction in which money, services, or property, which was the subject of the transaction was primarily used for family, personal, and/or household purposes. As such, the Alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a (5) of the FDCPA.

9. Upon further information and belief, and at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

## JURISDICTION AND VENUE

10. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692, et seq., 28 U.S.C. § 2201, as well as any State law claims in this action under 28 U.S.C. § 1367 (a).

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b)(2).

12. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth at length herein.

14. Plaintiff allegedly incurred a debt for personal health insurance premiums.

15. Beginning in or around February 11, 2013, Defendant commenced collection activities against Plaintiff to recover the Alleged Debt.

16. On or about February 11, 2013, Defendant sent a letter ("Exhibit A") in which the balance due was listed as $1,295.00 (see "Exhibit A").

17. In said letter, Defendant wholly failed to include a 30 day validation notice of Plaintiff's rights. This, *per se*, overshadowed Plaintiff's dispute rights.

18. Said letter also demanded "make your check payable to AETNA in the amount of $1,295.00 and send it to me immediately". This statement, *per se*, also overshadows Plaintiff's dispute rights.

19. As a result of Defendant's deceptive, false, misleading, and/or unfair debt collection practices, Plaintiff has been damaged.

20. On or about February 12, 2013, Defendant sent a **second letter** ("Exhibit B") in which the balance due was listed as $1,295.00 (see "Exhibit B").

21. In said second letter, dated and mailed within one day after the previous letter, Defendant wholly failed to include a 30 day validation notice of Plaintiff's rights. This, *per se*, overshadowed Plaintiff's dispute rights.

22. Said second letter also demanded "make your check payable to AETNA in the amount of $1,295.00 and send it to me immediately". This statement, *per se*, also overshadows Plaintiff's dispute rights.

23. As a result of Defendant's deceptive, false, misleading, and/or unfair debt collection practices, Plaintiff has been damaged.

24. On or about March 25, 2013, Defendant sent a **third letter** ("Exhibit C") in which the balance due was listed as $1,295.00 (see "Exhibit C").

25. In said third letter, Defendant wholly failed to include a 30 day validation notice of Plaintiff's rights. This, *per se*, overshadowed Plaintiff's dispute rights.

26. Said letter also demanded "make your check payable to AETNA and send it to me at the above address today". This statement, *per se*, also overshadows Plaintiff's dispute rights.

27. As a result of Defendant's deceptive, false, misleading, and/or unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION (violation of 15 U.S.C. § 1692g)

28. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

29. Defendant's conduct as described in this Complaint violated the FDCPA 15 U.S.C. § § § 1692g (a), (b), and (c) by failing to convey the validation notice information in a clear way and in a way that would cause confusion to the least sophisticated consumer.

30. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged, and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provision of the FDCPA.

## SECOND CAUSE OF ACTION (violation of 15 U.S.C. § 1692e)

31. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "30" herein with the same force and effect as if the same were set forth at length herein.

32. Defendant's conduct as described in this Complaint violated the FDCPA 15 U.S.C. § § § 1692e by using false, deceptive, and/or misleading representation or means in connection with the debt collection.

33. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged, and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provision of the FDCPA.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

    A. For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2) in the amount of One Thousand Dollars ($1,000.00) for each violation as under the FIRST CAUSE OF ACTION as applied to Exhibit A, Exhibit B, and Exhibit C, respectively, for the collective sum of Three Thousand Dollars ($3,000.00); AND

    B. For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2) in the amount of One Thousand Dollars ($1,000.00) for each violation as under the SECOND CAUSE OF ACTION as applied to Exhibit A, Exhibit B, and Exhibit C, respectively, for the collective sum of Three Thousand Dollars ($3,000.00); AND

    C. For attorney fees and costs provided pursuant to 15 U.S.C. §1692k(a)(3); AND

    D. For a declaration that the Defendant's practices violated the FDCPA; AND

    E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

all together for the sum of SIX THOUSAND DOLLARS ($6,000.00)with interest as of March 25, 2013, and the costs and disbursements as to each Cause of Action.

DATED:        Rockville, Maryland
                April 1, 2013

                            Respectfully Submitted,

By:        _____
            EVAN C. H   MERMAN
            13723 Lambertina Place
            Rockville, Maryland  20850
            (917) 208 – 1908