IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EVAN HAMMERMAN, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. DKC 13-1606 |
| | : | |
| GB COLLECTS, LLC, | : | |
| Defendant | : | JURY TRIAL DEMANDED |
| | : | |

**DEFENDANT GB COLLECTS, LLC'S MOTION FOR SANCTIONS
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant GB Collects, Inc. (hereinafter referred to as "Defendant"), by and through its undersigned counsel, respectfully moves the Court for an Order pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 awarding it sanctions against Plaintiff Evan Hammerman (hereinafter referred to as "Plaintiff') for continuing to prosecute a frivolous action against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), on which Plaintiff cannot prevail as a matter of law.

Pursuant to Federal Rule of Civil Procedure 11(c)(2), Defendant served its Motion for Sanctions on Plaintiff on June 18, 2013, which is more than twenty-one days from the date of filing of this Motion. (*See* Service Letter dated June 18, 2013, attached as Exhibit 1). Plaintiff has not dismissed the Complaint. Accordingly, Plaintiff should be sanctioned.

**BACKGROUND**

Hammerman Legal Consultants, PLLC obtained a group health insurance policy for three of its employees with Aetna Life Insurance Company (hereinafter referred to as "Aetna") (Group Contract Number: 0828778-10-700) with a requested effective date of August 1, 2006 (the "Group Health Insurance Policy"). (*See* Group Health Insurance Policy Application, entitled New York Small Group Business Employer Application, attached as Exhibit 2). Hammerman Legal Consultants, PLLC is listed as the "Company Name" on the Group Health Insurance

Policy Application, while Plaintiff is listed solely as the "Company Contact Person". (*See* Exhibit 2 at p. 1). Group health insurance is employer-sponsored health coverage for business owners, employees and often for the employees' dependents. In particular, Aetna offers the policy for which Hammerman Legal Consultants, PLLC applied to employers "for group coverage (2-50 eligible employees)." (*See* Exhibit 2 at p. 1). Such a policy creates an insurance contract between the business/employer, in this case Hammerman Legal Consultants, and the insurance provider, in this case Aetna. Plaintiff recognizes this arrangement in his correspondence with Aetna. (*See* Plaintiff's Correspondence with Aetna dated February 15, 2011, attached as Exhibit 3). Yet, in his complaint, Plaintiff falsely alleges he is a "'consumer' as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA," and the unpaid premiums Defendant attempted to collect from Hammerman Legal Consultants, PLLC constitute a "'debt' as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA." (*See* Complaint at ¶¶ 5-8, attached as Exhibit 4).

After Hammerman Legal Consultants, PLLC failed to make the monthly premium payments on the Group Health Insurance Policy, Aetna placed the account with Defendant for collection. All of Defendant's collection activities on the account at issue were directed only to Hammerman Legal Consultants, PLLC, the policyholder. (*See* Exhibit 4 at Exhibits A, B and C). Plaintiff was identified in the letters solely as the contact person with Hammerman Legal Consultants, PLLC (which is consistent with the direction provided in the original Group Health Insurance Policy [Exhibit 2]).

On or about April 1, 2013, Plaintiff filed an action against Defendant alleging that Defendant's collection letters violate the FDCPA. (*See* Exhibit 4). Specifically, Plaintiff alleges Defendant's letters do not contain the validation notice required by 15 U.S.C. § 1692g or the

disclosures required by 15 U.S.C. § 1692e.  (*See* Exhibit 4 at ¶¶ 28-33).  The FDCPA only applies to consumer debt.

## LEGAL ARGUMENT

I.  **LEGAL STANDARD FOR SANCTIONS**

Fed. R. Civ. P. 11(b) provides as follows:

Representations to Court. By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not **being presented for any improper purpose**, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) **the claims, defenses, and other legal contentions are warranted by existing law** or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b) (emphasis added).

Rule 11 imposes upon any party who signs a pleading, motion, or other paper, "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing," establishing a standard of "reasonableness under the circumstances." *Bus. Guides, Inc. v. Chromatic Communs. Enters.*, 498 U.S. 533, 551 (1991).  The standard is an objective one, requiring an attorney or unrepresented party to "conduct a reasonable investigation of the factual and legal basis for his claim before filing." *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991).  To be reasonable, "the prefiling investigation must uncover some . . . actual

basis for plaintiff's allegations," as well as "some basis in law to support the claims of the complaint." *Id.* A complaint which has "absolutely no chance of success under the existing precedent," will not pass muster under Rule 11. *Id.* (*citing Cleveland Demolition Co. v. Azcon Scrap Corp.*, 827 F.2d 984, 988 (4th Cir. 1987)). Even if a pleading complies with Rule 11 when it is initially signed, information that subsequently comes to the attention of counsel may demonstrate that a claim or contention is no longer viable. *Turner v. Sungard Business Systems, Inc.*, 91 F.3d 1418, 1421 (11th Cir. 1996). Rule 11 may be violated if an attorney continues to assert a contention that is no longer tenable. *Id.* at 1422 ("That the contentions contained in the complaint were not frivolous at the time it was filed does not prevent the district court from sanctioning… continued advocacy of them after it should have been clear that those contentions were no longer tenable.").

Title 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof **who so multiplies the proceedings in any case unreasonably and vexatiously** may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (emphasis added). Rule 11 is intended to both compensate the victim of the Rule 11 violation, as well as punish present litigation abuse, streamline court dockets, and facilitate court management. *Brubaker v. City of Richmond*, 943 F.2d 1363, 1374 (4th Cir. 1991). While the Fourth Circuit "requires a finding of bad faith prior to the imposition of sanctions pursuant to § 1927," *McKenzie v. Norfolk Southern Ry.*, 497 F. App'x. 305, 312 (4th Cir. 2012), an award of attorney fees is appropriate where a complaint contains "allegations unsupported by any information obtained prior to filing, or allegations based on information which minimal factual inquiry would disprove." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 411-12

(4th Cir. 1999) (quoting *In re Kunstler*, 914 F.2d 505, 516 (4th Cir. 1990), *cert. denied*, 499 U.S. 969, 113 L. Ed. 2d 669, 111 S. Ct. 1607 (1991)). The Fourth Circuit affirmed a District Court finding of bad faith where an attorney filed suit against a debt collector alleging claims under the FDCPA. *Chaudhry*, 174 F.3d at 411. The underlying court ruled in the defendant's favor as a matter of law on all six courts alleged by the plaintiff, finding the claims were "utterly without a factual foundation." *Id.*

Plaintiff is an attorney who is a shareholder in Hammerman Legal Collections, PLLC, a professional limited liability company which specializes in debt collection and the practice of law. *See* http://www.linkedin.com/pub/evan-c-hammerman/0/946/a5b. As such, it is difficult to imagine Plaintiff would have needed to conduct an extensive pre-filing investigation to discover whether or not he had a legal and factual basis for his claims. In fact, evaluating claims for legal and factual bases would likely be intuitive for an attorney with such a specialization, as it would be a principal aspect of his occupation and day-to-day practice. However, had Plaintiff complied with his affirmative duty to conduct a pre-filing investigation he would have discovered that his claims do *not* establish a legal or factual basis for claims under the FDCPA. Plaintiff's specialized knowledge in this field of law indicates that he has filed this frivolous claim for no reason other than to impede Defendant's debt collection efforts against Hammerman Legal Consultants, PLLC. His filing is unreasonable and vexatious, and so multiplies the filings in this Court as to constitute a cause for sanctions against him.

II.     THE OBLIGATION AT ISSUE IS NOT SUBJECT TO THE FDCPA.

It is well established that a threshold requirement for the application of the FDCPA is that the prohibited practices are used in an attempt to collect a "debt" as defined by section 1692a(5) of the FDCPA. *Booshada v. Providence Dane LLC*, 462 Fed. App'x. 331, 333 (4th Cir. Jan. 31,

2012) ("To establish a FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." (internal quotations omitted)). The FDCPA defines "debt" as follows:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).

Plaintiff cannot prevail on any of his FDCPA claims because the obligation at issue is not a consumer debt subject to the FDCPA and none of the collection efforts were directed to Plaintiff personally. Debts incurred by a business do not constitute consumer debts under the FDCPA. *Booshada*, 462 Fed. App'x. at 335. Instead, the debtor has the burden of proving that a transaction was entered into for personal, family, or household purposes. *Slenk v. Transworld Sys.*, 236 F.3d 1072, 1076 (9th Cir. 2001). Furthermore, when a court is determining whether a debt is consumer debt or business debt, the court should "examine the transaction as a whole" and "look to the substance of the transaction." *Booshada*, 462 Fed. App'x at 335 (citing *Slenk v. Transworld Sys.*, 236 F.3d at 1075). Such an inquiry should be "fact driven one, and should be decided on a case-by-case … basis looking at all relevant factors." *Booshada*, 462 Fed. App'x at 336 n. 7 (quoting *Hansen v. Ticket Track, Inc.*, 280 F. Supp. 2d 1196, 1204 (W.D. Wash. 2003)).

The Group Health Insurance Policy is a health insurance policy available only to business entities. The Group Health Insurance Policy was obtained solely by Hammerman Legal Consultants, PLLC to provide health insurance coverage for three employees of the company. (*See* Exhibit 2 at p. 2). Thus, the Group Health Insurance Policy between Hammerman Legal

Consultants, PLLC and Aetna was a contract for a commercial purpose, and the obligation arising from the unpaid policy premiums is a commercial debt. Accordingly, the FDCPA does not apply to this case as a matter of law.

Despite knowing that Plaintiff's claims are not tenable, Plaintiff continues to prosecute this action, and such conduct is frivolous and improper and has unreasonably and vexatiously multiplied the proceedings. As a result, Defendant is being forced to incur substantial legal expenses in defending against Plaintiff's frivolous claims. Therefore, sanctions under Rule 11 and 28 U.S.C. § 1927 are justified.

Even assuming, *arguendo*, that the Court finds the obligation at issue is a consumer debt despite the obligation arising from unpaid policy premiums for a commercial group health insurance policy obtained by Hammerman Legal Consultants, PLLC to provide insurance coverage for its employees, Plaintiff cannot prevail on his FDCPA claims because Plaintiff has no standing to bring claims under the FDCPA for violations related to communications between Defendant and Hammerman Legal Consultants, PLLC. Section 1692k(a) of the FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to **any person** is liable to such person." 15 U.S.C. § 1692k(a) (emphasis added). A plaintiff must have standing for each claim he asserts. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). The burden of establishing standing lies with the plaintiff. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). All of Defendant's collection efforts were directed to Hammerman Legal Consultants, PLLC, not Plaintiff individually. (*See* Exhibit 4 at Exhibits A, B and C). Therefore, Plaintiff has no standing to bring any FDCPA claims against Defendant.

## CONCLUSION

For the foregoing reasons, Defendant respectfully moves this Court to impose sanctions against Plaintiff pursuant to Fed. R. Civ. P. 11(b) and 28 U.S.C. § 1927.

                Respectfully submitted,

                FINEMAN KREKSTEIN & HARRIS, P.C.

By:     /S/ Richard J. Perr
        RICHARD J. PERR, ESQUIRE
        BNY Mellon Center
        1735 Market Street, Suite 600
        Philadelphia, PA  19103-7513
        (v) 215-893-9300; (f) 215-893-8719
        e-mail: rperr@finemanlawfirm.com
        Attorneys for Defendant

Dated: July 26, 2013

# CERTIFICATE OF SERVICE

I, RICHARD J. PERR, ESQUIRE, hereby certify that on this date I served a true and correct copy of the foregoing electronically, or by first class mail, postage prepaid, or telecopy on the following:

>Evan Hammerman, Esquire
>13723 Lambertina Place
>Rockville, Maryland 20850
>echlaw@aol.com
>>Pro Se Plaintiff

>>/S/ Richard J. Perr
>>RICHARD J. PERR, ESQUIRE

Dated: July 26, 2013