IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EVAN HAMMERMAN                         :

                                 :

    v.                            :    Civil Action No. DKC 13-1606

                                 :

GB COLLECTS, LLC

                                 :

**MEMORANDUM OPINION**

Presently pending and ready for review in this action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, are a motion for summary judgment (ECF No. 13) and a motion for sanctions (ECF No. 14) filed by Defendant GB Collects, LLC ("GB Collects" or "Defendant"). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion for summary judgment will be granted and the motion for sanctions will be denied.

**I.  Background**

    **A.  Factual Background**

The underlying facts of this case are undisputed. Evan Hammerman ("Plaintiff"), proceeding *pro se*, has sued GB Collects for damages resulting from Defendant's "deceptive, false, misleading, and/or unfair debt collection practices." (ECF No. 2 ¶ 27). On July 25, 2006, Hammerman Legal Consultants, PLLC, a

company for which Plaintiff is an owner and managing partner, filed an application with Aetna Life Insurance Company ("Aetna") seeking group insurance coverage for three of its employees. (ECF No. 13-2).[1] The application identifies Hammerman Legal Consultants, PLLC, a law office, as the applicant for insurance coverage and lists Plaintiff Evan C. Hammerman as an attorney and company contact person.

On February 15, 2011, Plaintiff sent a letter to Aetna informing the company that Hammerman Legal Consultants, PLLC was expanding its practice from New York to Maryland and Washington, D.C. (ECF No. 13-3).[2] Approximately two years later, on February 11, 2013, after Hammerman Legal Consultants, PLLC failed to make monthly premium payments on the group life insurance policy, Aetna placed the account with Defendant for collection. (ECF No. 2 ¶¶ 14-15 & ECF No. 13-5 ¶ 2). Defendant then sent three debt collection letters, addressed to Hammerman Legal Consultants, PLLC and to Plaintiff, as the company contact identified on the application, seeking to collect on the

[1] The application was signed on July 18, 2006, but Aetna received it on July 25, 2006.

[2] Plaintiff stated in the letter that he was "the managing partner and owner of Hammerman Legal Consultants, PLLC. We currently have a group policy with Aetna Health Insurance." (ECF No. 13-3).

$1,295.00 delinquent debt on behalf of Aetna.  (*See* ECF No. 2-1).[3]

**B.   Procedural Background**

On April 1, 2013, Plaintiff commenced this action in the District Court of Maryland for Montgomery County.  (ECF No. 2). In the complaint, Plaintiff contends that he is a "consumer" within the meaning of the FDCPA and that Defendant attempted "to collect an alleged debt . . . from Plaintiff that arose out of a transaction in which money, services, or property which was the subject of the transaction was primarily used for family, personal, and/or household purposes." (Id. ¶¶ 5, 8).  Plaintiff asserts two causes of action for violations of 15 U.S.C. §§ 1692e and 1692g.  Specifically, Plaintiff alleges that Defendant violated the FDCPA by failing to include a thirty-day validation notice of Plaintiff's rights in the three collection letters and "overshadow[ing] Plaintiff's dispute rights" by including the following language in each letter to Plaintiff: "make [the] check payable to AETNA in the amount of $1,295.00 and send it to me immediately."  (*Id.* at 3-5).  Plaintiff seeks statutory and actual damages, as well as all costs and reasonable attorney's fees for the alleged violations.

---

[3] The letters are dated February 11 & 12, 2013, and March 25, 2013.

Defendant removed the action to this court on June 4, 2013, citing federal question jurisdiction as the jurisdictional basis.  (ECF No. 1).  Defendant answered the complaint on June 11, 2013 (ECF No. 10).  Defendant then filed two motions on July 26, 2013: (1) motion for summary judgment (ECF No. 13); and (2) motion for sanctions against Plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927 (ECF No. 14).  Plaintiff was provided with a *Roseboro* notice, which advised him of the pendency of the motions and his entitlement to respond within seventeen (17) days from the date of the letter.  *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (holding *pro se* plaintiffs should be advised of their right to file responsive material to a motion for summary judgment).[4] Plaintiff did not oppose Defendant's motion for summary judgment.[5]  Given that the time for Plaintiff to oppose Defendant's summary judgment motion has elapsed, this matter is now ripe for resolution.

---

[4] The record reflects that a *Roseboro* notice was sent to Plaintiff on July 26, 2013.  (ECF No. 15).

[5] Consistent with Local Rule 105.8, Plaintiff was not required to respond to the Rule 11 and Section 1927 motion unless directed to do so by the court.  The court may not grant sanctions without requesting a response.

4

**II. Analysis**

    **A.  Defendant's Motion for Summary Judgment**

Summary judgment may be entered only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008).  Summary judgment is inappropriate if any material factual issue "may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [her] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"  *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (*quoting* former Fed.R.Civ.P. 56(e)).  "A mere scintilla of proof . . . will not suffice to prevent summary judgment."  *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003).  "If the evidence is merely colorable, or is not significantly probative . . . summary judgment may be granted."  *Liberty Lobby*, 477 U.S. at 249-50 (citations omitted).  At the same time, the facts that are presented must be construed in the light most favorable to

the party opposing the motion. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Emmett*, 532 F.3d at 297.

Plaintiff alleges that Defendant violated various provisions of the FDCPA, which protects consumers from "abusive and deceptive debt collection practices by debt collectors." *Akalwadi v. Risk Mgmt. Alts., Inc.*, 336 F.Supp.2d 492, 500 (D.Md. 2004). The FDCPA "forbids the use of any false, deceptive, or misleading representation or means in debt collection and provides a non-exhaustive list of prohibited conduct." *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996). In order to prevail on a FDCPA claim, a Plaintiff must prove that: "(1) the defendant was a debt collector, (2) the defendant's conduct in attempting to collect a debt was prohibited by the Act and (3) the debt was a consumer debt." *In re Creditrust Corp.*, 283 B.R. 826, 830 (Bankr.D.Md. 2002). Assuming the first two prongs could be met, Plaintiff cannot establish the third because the transaction at issue involves a commercial, not a consumer, debt. The FDCPA explicitly states:

> (5) The term "debt" means any obligation or alleged obligation of a *consumer* to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

6

15 U.S.C. § 1692a(5) (emphasis added).  A "consumer" is "any natural person obligated or allegedly obligated to pay any debt."  *Id.* § 1692a(3).  Thus, as a threshold matter, Plaintiff must show that Defendant's collection efforts arose from a consumer debt for FDCPA purposes, as opposed to commercial or business debt – which Plaintiff plainly fails to show here.

"[I]n determining whether debt is consumer debt, court should 'examine the transaction as a whole' and 'look to the substance of the transaction and the borrower's purpose in obtaining the loan, rather than the form alone.'"  *Boosahda v. Providence Dane LLC*, 462 F.App'x, 331, 335 (4th Cir. 2012) (*quoting Slenk v. Transworld Sys., Inc.*, 236 F.3d 1072, 1075 (9th Cir. 2001)); *see also Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC*, 214 F.3d 872, 875 (7th Cir. 2000) (observing that whether debt is consumer debt depends on "the transaction out of which the obligation to repay arose, not the obligation itself").  The debt at issue here was incurred by a legal entity, not a consumer.  Plaintiff admits as much by explicitly acknowledging in the February 15, 2011 letter to Aetna regarding its change of address that *Hammerman Legal Consultants, PLLC* has a group policy with Aetna.  (ECF No. 13-3).  Specifically, "[t]he obligation arose from Hammerman Legal Consultants, PLLC's failure to make payments on its employee group health insurance plan with Aetna."  (ECF No. 13-5,

7

Affidavit of Gilbert Fisher). Furthermore, the incurred debt relates to the company's group insurance policy with Aetna, which was *not* sought "primarily for personal, family, or household purposes." As stated in Plaintiff's application for group coverage, Hammerman Legal Consultants, PLLC applied to Aetna for insurance coverage for three of its employees. (*See* ECF No. 13-2, at 3). The fact that Hammerman Legal Consultants, PLLC is clearly identified as the applicant on the application further evidences a commercial transaction and the *business* as the proposed policyholder. (*See* ECF No. 13-5 ¶ 6, Affidavit of Gilbert Fisher ("[a]ll of Defendant's collection activities on the account at issue were directed only to the policyholder, Hammerman Legal Consultants, PLLC.")).

The three collection letters Defendant sent to Plaintiff evidence Defendant's attempt to collect on a debt incurred by Plaintiff's *business* as a result of its default on monthly premium payments. The letters are addressed to Evan Hammerman, in addition to the legal entity, because Mr. Hammerman listed himself as the company contact on the application when he sought group coverage for the employees at his firm. (*See* ECF No. 13-2, at 2; *see also* ECF No. 13-5 ¶ 7 ("Plaintiff was listed as the contact on Hammerman Legal Consultants, PLLC's group health insurance policy, and therefore, Defendant's collection letters were addressed to him as the representative of the company.")).

8

In any event, even if Defendant directed its debt collection efforts at Plaintiff, this does not necessarily suggest the existence of a consumer debt. *See Boosahda,* 462 F.App'x at 335 ("a person can be sued in his or her individual capacity even for business debts."). Finally, as Defendant points out, "[t]he only accounts Aetna places with Defendant for collection are commercial group health insurance accounts in default." (ECF No. 13-6 ¶ 4).[6]

Accordingly, Plaintiff fails to carry his burden of establishing an essential element of his FDCPA claims - that the debt on which Defendant sought to collect was consumer as opposed to business or commercial debt.[7]

**B.   Defendant's Motion for Sanctions**

On July 26, 2013, Defendant filed a motion for sanctions against Plaintiff pursuant to Rule 11 and 28 U.S.C. § 1927

---

[6] Defendant further notes that GB Collects "only uses the collection letters at issue in connection with the collection of commercial accounts." (ECF No. 13-5 ¶ 12). "When collecting on consumer accounts, Defendant uses collection letters that contain the validation notice and disclosures required by Sections 1692g and 1692e(11) of the FDCPA." (*Id.* ¶ 13).

[7] Defendant makes two additional arguments for summary judgment. First, Defendant argues that Plaintiff lacks standing to bring claims under the FDCPA for violations related to communications between Defendant and Hammerman Legal Consultants, PLLC. Defendant also argues that even if the debt at issue qualified as consumer debt, the action is not viable because any violation resulted from a *bona fide* error. Because the FDCPA does not apply to Plaintiff's claims, these arguments will not be addressed.

relating to Plaintiff's complaint alleging violations of the FDCPA.[8] "[T]he central purpose of Rule 11 is to deter baseless filings in District Court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Under Rule 11, by presenting a pleading or written motion to the court, an attorney or unrepresented party "is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading or motion is, among other things, "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law" and that its "allegations and other factual contentions have evidentiary support." Fed.R.Civ.P. 11(b). Section 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 is distinct from Rule 11, but also requires "a finding of counsel's bad faith as a precondition to the imposition of fees." *Brubaker v. City of Richmond*, 943 F.2d 1363, 1382 n.25 (4th Cir. 1991).

---

[8] The motion recites that it was served on Plaintiff on June 18, 2013, more than twenty-one (21) days previously. (*See* ECF No. 14 & 14-2).

Here, Plaintiff, apparently an attorney who is representing himself, filed the complaint in state court, the case was removed by Defendant, and Plaintiff has not filed *anything* in this court or taken any action here to advocate on behalf of the complaint. Thus, it is arguable that Plaintiff has not presented to the court "a pleading, written motion, or other paper" under Rule 11(b). Defendant argues that because "Plaintiff is an attorney who is a shareholder in Hammerman Legal Collections, PLLC, a professional limited liability company which specializes in debt collection and the practice of law," he should know that "his claims do *not* establish a legal or factual basis for claims under the FDCPA." (ECF No. 14, at 5) (emphasis in original). Defendant thus concludes that "Plaintiff's specialized knowledge in this field of law indicates that he has filed this frivolous claim for no reason other than to impede Defendant's debt collection efforts against Hammerman Legal Consultants, PLLC." (*Id.*). But there is a difference between a losing case and a frivolous case, and Plaintiff's refusal to withdraw the complaint, which he did not even file in this court, does not rise to the level of sanctionable conduct. Moreover, to avoid sanctions, an "allegation merely must be supported by *some* evidence." *Brubaker*, 943 F.2d at 1377 (emphasis in original). Despite the fact that Plaintiff cannot successfully establish FDCPA

11

liability on any of the asserted claims, there is no indication on the record that Plaintiff acted with a dishonest purpose or with ill will, or that Plaintiff's claims were "utterly without factual foundation." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 411 (4th Cir. 1991).  Given that Plaintiff has not filed anything in this court, the high standard required for the imposition of sanctions, and the fact that all claims raised in the complaint will be dismissed, the court will exercise discretion not to award sanctions at this time.

**III. Conclusion**

For the foregoing reasons, the motion for summary judgment will be granted and the motion for sanctions will be denied.  A separate order will follow.

<div style="text-align:right">

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

</div>